UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS FISHER, KATHLEEN HALLORAN AND GEORGE BEHRENS,<br><br>    Defendants. | No. 07 C 4483<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I.  BACKGROUND**

Plaintiff, United States Securities and Exchange Commission ("SEC"), alleges that, from at least 1999-2002, Defendants, formerly high-ranking officers of Nicor, Inc. ("Nicor"), engaged in a scheme to manipulate Nicor's actual and financial performance and, among other things, made or authorized false and misleading statements about the company's performance to investors, the public, the SEC and the Illinois Commerce Commission.  The SEC initiated this action on August 9, 2007, and filed its amended complaint on February 25, 2008, alleging: (1) violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, (2) violations of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), (3) violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act, and (4) that Defendants aided and abetted Nicor's violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 thereunder.

In December 2007, Defendants jointly filed two motions to dismiss, the first based on the applicable statute of limitations and the second pursuant to Federal Rules of Civil Procedure 9(b)

and 12(b)(6). I denied both motions with the exception of limiting the SEC's claim for civil penalties. Defendants subsequently filed separate, similar answers to the amended complaint, asserting eleven affirmative defenses. Pursuant to Federal Rule of Civil Procedure 12(f), the SEC now moves to strike ten of the eleven affirmative defenses. In their joint response, Defendants did not object to striking nine of the ten disputed defenses, leaving only one defense - laches - that I need address.

## II. DISCUSSION

Defendants contend that Plaintiff's amended complaint is barred by the doctrine of laches. Plaintiff argues that Defendants' laches defenses are both insufficient as a matter of law and insufficiently pled.

The SEC claims that a laches defense cannot be asserted to defeat a claim brought by the United States in the public interest. Although the Supreme Court has noted that "[i]t is well settled that the United States is not. . . . subject to the defense of laches in enforcing its rights[,]" *United States v. Summerlin*, 310 U.S. 414, 416 (1940), the Seventh Circuit has commented that "laches is generally and we think correctly assumed to be applicable to suits by government agencies as well as by private parties." *National Labor Relations Board v. P*I*E Nationwide, Inc.*, 894 F.2d 887, 894 (7th Cir. 1990) (citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 373 (1977) (a court has the discretionary power to locate a just result in light of the circumstances" when a government agency is a plaintiff) (citation omitted)). It is worth noting that in *P*I*E* and *Occidental*, the government action was one to enforce private rights.

Two years later, in *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1090 (7th Cir. 1992), the Court of Appeals stated the general rule that "the United States is not subject

to the equitable defense of laches in enforcing its rights[,]" but recognized an exception in cases brought by the Equal Employment Opportunity Commission ("EEOC") asserting the rights of individual claimants. The general rule, the Court noted, "was originally founded on concerns of public policy and sovereignty: It was deemed important that, while the sovereign was engrossed by the care and duties of his office, the public should not suffer by the negligence of his servants." *Id.* At 1091 (citation omitted). The public policy concerns underlying this rule are not implicated in an action to enforce individual rights. *Id.* at 1091.

In *Martin*, the court considered whether a Department of Labor ("DOL") suit under the Employee Retirement Income Security Act is sufficiently similar to an EEOC case to warrant the same application of the laches defense. The court stopped short of a conclusion on the issue, finding that even if laches did apply, defendants had failed to meet the required elements. This case before me is easily distinguishable from *Martin*. There the court obviated the need to decide whether to broaden the articulated exception to include DOL actions. In this case, I need not address the exception, because an SEC enforcement action involves the exercise of the government's own rights. Such an action falls under the general principle articulated in *Martin*, not under the exception.

Similarly, in *United States v. Administrative Enterprises, Inc.*, 46 F.3d 670, 673 (7th Cir. 1995), an Internal Revenue Service action to enforce a summons, the court found it unnecessary to reach "the question of the existence and scope of a defense of laches in government suits[,]" because defendants' laches defense was deficient on the merits. The court noted that although the availability of laches in some government suits seems supported by Supreme Court decisions "that refuse to shut the door completely to the invocation of laches or estoppel (similar doctrines)

in government suits" (noting *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 373 (1977); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60-61 (1984), and *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)) it seems "unlikely[ ] that the doctrine [of laches] applies with undiminished force to all types of government suit." *Admin. Enters.*, 46 F.3d at 673. *Occidental* involved an EEOC action. In *Irwin*, the Court left open the question of whether estoppel may run against the government when there is a statutory filing deadline. 498 U.S. at 94. In *Heckler*, the Court refused to adopt a rule that estoppel may not run against the government in any circumstance, noting its hesitance "to say that there are no cases in which the public interest in ensuring that the Government can enforce the law free from estoppel might be outweighed by the countervailing interest of citizens in some minimum standard of decency, honor, and reliability in their dealings with their Government." 467 U.S. at 61.[1] The enforcement action before me does not involve private rights, the issue of estoppel in the face of a filing deadline, or any allegations of misconduct. Precedent does not seem to support the availability of laches against the government in this case.

In support of their position that a laches defense may be asserted against the SEC in an enforcement action, Defendants rely on *SEC v. Randy*, 1995 WL 616788 (N.D. Ill. Oct. 17, 1995), where the SEC's motion to strike the defendants' laches defense was denied because "[i]n this circuit, the applicability of laches against the government is determined on a case-by-case basis." *Id.* at *5. *Randy* cites as support for this proposition *F.D.I.C. v. Knostman*, 966 F.2d

---

[1] The Court points to instances where the government acts in misleading ways and should be barred from enforcing the law "if to do so would harm a private party as a result of governmental deception[,]" or where "an administrative agency may not apply a new rule retroactively when to do so would unduly intrude upon reasonable reliance interests." *Heckler*, 467 U.S. at 61 n.12.

1133, 1139 (7th Cir. 1992), a case in which a government agency brought an action in its corporate capacity and as a receiver for a bank, not in an effort to enforce the government's rights. Because the action before me is an enforcement action where the government asserts its own rights, it falls within the general rule that "the United States is not subject to the equitable defense of laches in enforcing its rights." *Martin*, 966 F.2d at 1090 (7th Cir. 1992).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendants' affirmative defense of laches is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: March 20, 2009